J. M. SCHOTT v. F. M. LINSCOTT.

No. 16,096.

SYLLABUS BY THE COURT.

1. JUDGMENTS—*Jurisdiction of Defendant Not Acquired—Validity.* A personal judgment, rendered without legal notice to the defendant and without any appearance on his part, is rendered without jurisdiction and is consequently void.

2. JUDICIAL SALES—*Execution—Void Judgment—Title of Purchaser.* A sale of personal property, made under an execution issued upon a void judgment, conveys no title to the purchaser.

3. ——— *Failure of Defendant to Attend Sale and Warn Purchasers—Estoppel.* The mere failure of an owner of personal property, which he knows has been advertised for sale at a certain time and place, to attend the sale and warn intending purchasers of his rights does not estop such owner from recovering from a purchaser at such sale the value of the property bid in thereat by the purchaser and converted to his own use, the sale being held without authority of law.

Error from Atchison district court; D. S. HOOPER, judge *pro tem.* Opinion filed July 3, 1909. Affirmed.

STATEMENT.

ONE Wiltz filed a bill of particulars against F. M. Linscott before a justice of the peace in Atchison county and caused summons to be issued thereon. The summons was returned with an indorsement of service by leaving a copy at the usual place of residence of Linscott in the county. Linscott was not otherwise served and made no appearance in the case, and judgment was rendered against him. An execution issued on the

judgment and was levied upon a quantity of wool located in the township where the action was pending and belonging to Linscott. The wool, on due advertisement, was sold at constable's sale, and bought in by J. M. Schott.

Thereafter Linscott brought this action against Schott and others to recover the value of the wool sold, and alleged, among other things, that he was not a resident of Atchison county, but resided in Jackson county at the time the summons was said to have been left at his usual residence in Atchison county, and that he had no knowledge or information of the pendency of the action against him until after the rendition of judgment therein. He also alleged the amount and value of the wool purchased and converted by Schott, for which he prayed judgment.

Schott answered denying generally the allegations of the petition, and alleging that he was a wool dealer and attended the constable's sale on public advertisement thereof, without notice or knowledge of any infirmity in the proceedings; that the plaintiff well knew of the pendency of the suit and the levy of the execution on the wool before the sale took place; that he was at Farmington, where the sale was advertised, on the day and only a short time before the sale was to take place; that he took no steps to prevent the sale or to let it be known that he had any objections thereto.

The reply was a general denial. The trial in the district court was to a jury, but by stipulation only special questions were to be submitted to them, no general verdict was to be returned, and the court was to be at liberty to make supplementary findings and to render such judgment as the facts warranted, the parties reserving the right to object to the findings and to the conclusions of law based thereon. No assignment of error is made relating to instructions.

The jury found that the plaintiff was a resident of Jackson county, and not of Atchison county, at the

time the summons was left at the farmhouse in Atchison county said to be his residence; that the plaintiff was not present at the sale; that the plaintiff by no act or representation induced Schott to purchase the wool, and made no representation to him concerning the validity of the judgment; that the plaintiff and Schott were not acquainted at the time of the sale; that the plaintiff was in the immediate neighborhood of the sale shortly before the same was held, and on that date called upon the justice who rendered the judgment and tried to get him to stop the sale; that the plaintiff was not present at any time during the sale, and gave no notice to the public that he claimed the sale was illegal; that Schott had no notice or knowledge that the sale was illegal, and bought the wool in good faith. The jury also found the weight of the wool and the value thereof. There were other findings of the jury that are not regarded as material.

No additional findings of fact were made by the court, and, on motion of the plaintiff, judgment was rendered in his favor upon the findings of the jury. Schott prosecutes error.

*C. S. Hull*, for the plaintiff in error.

*Jackson & Jackson*, and *Crane & Woodburn Bros.* for the defendant in error.

The opinion of the court was delivered by

SMITH, J.: It is elemental law that a personal judgment rendered against a defendant who has not been served with summons and has no notice of the pendency of the action is void. As to the fact of service, the general rule is that as between the parties to an action the return of the sheriff is conclusive; but if his return is of a fact not within his personal knowledge but dependent upon information received from others a party is not precluded from an inquiry into the facts on which jurisdiction depends. Such inquiry was made

Schott v. Linscott.

in this case. · Evidence was offered to the jury and they
found that the return of service was not true. · The
court approved the finding, it was supported by ample
evidence, and we are bound thereby. The judgment of
the justice of the peace was therefore void. (*Bond v.
Wilson,* 8 Kan. 228.)

The execution sale, made under the void judgment,
was equally void and conveyed no title to the pur-
chaser. (*Case v. Hannahs,* 2 Kan. 490; *Mastin v. Gray,*
19 Kan. 458; 12 Encyc. Pl. & Pr. 12, 90.)

The only remaining question is whether the plaintiff
was estopped, by his failure to attend the sale and to
warn intending purchasers of the invalidity of the
judgment and execution, from prosecuting his claim
against Schott for the value of the wool.

"To constitute an estoppel, the following elements
are essential: (1) There must be conduct, acts, lan-
guage or silence amounting to a representation or a con-
cealment of material facts. (2) These facts must be
known to the party estopped at the time of his said con-
duct, or, at least, the circumstances must be such that
knowledge of them is necessarily imputed to him. (3)
The truth concerning these facts must be unknown to
the other party, claiming the benefit of the estoppel, at
the time when such conduct was done, and at the time
when it was acted upon by him. (4) The conduct must
be done with the intention, or, at least, with the ex-
pectation, that it will be acted upon by the other party, or
under such circumstances that it is both natural and
probable that it will be so acted upon. (5) The conduct
must be relied upon by the other party, and, thus rely-
ing, he must be led to act upon it. (6) He must in fact
act upon it in such a manner as to change his position
for the worse." (3 Words & Ph. Jud. Def. 2498, and
authorities there cited.)

(See, also, *Ergenbright v. Henderson,* 72 Kan. 29.)

It is true a person in a position and under obliga-
tions to speak may be estopped by his silence if he does
not speak. For instance, if one stands by and sees his
property sold as the property of another, the purchaser

may rely upon his silence, and he may ·be estopped thereafter from asserting his ownership.

The plaintiff could have been present at this sale, but was not. He went instead to the justice of the peace who rendered the judgment and issued the execution, probably in the belief that the justice had authority to and would stop the sale. He had no power himself to stop the sale, and he owed no duty to Schott or to any other purchaser in the premises. It would be carrying the principle of estoppel entirely too far to say that the plaintiff was estopped by reason of his failure to attend the sale, especially when it appears that he was pursuing another course which presumably appeared to him more proper and more likely to accomplish the result of stopping the sale.

The judgment is affirmed.