O. T. DIXON PRINTING & STATIONERY COMPANY v. PLANK.

Opinion delivered June 21, 1920.

1. GARNISHMENT—FUNDS LIABLE.—A fund in a bank belonging to a corporation can not be subjected to garnishment for the purpose of enforcing debts of third persons.

2. JUSTICE OF THE PEACE — CONSOLIDATION OF CAUSES — EFFECT.— Where appellant intervened in an action before a justice of the peace, and in another action consolidated therewith, claiming ownership of a fund in bank, and appealed from an adverse judg-

ment, the justice had no jurisdiction thereafter to render an independent default judgment against such intervener in the latter action.

3.  Justices of the Peace—collateral attack on judgment.—While a judgment of a justice of the peace within his jurisdiction is as conclusive as the judgment of a superior court, such judgment does not import incontrovertible verity, and the want of jurisdiction over the person of the defendant may be shown collaterally.

Appeal from Benton Circuit Court; *W. A. Dickson,* Judge; reversed.

*E. P. Watson,* for appellant.

1.  The judgment of the circuit court is not supported by the evidence. The funds paid into court were paid to the bank to the credit of appellant, pursuant to its contract with Cloe and Peeler, with express directions when said funds were paid over. The funds belonged to appellant, and there is no testimony to show that appellant owed anything to either of the appellees. If appellant is liable to the Harper Directory Company at all, the appellees pursued the wrong remedy. All the evidence shows that the directories and contracts were turned over to the bank and by the bank to Peeler and Cloe; they were the absolute property of appellant.

2.  The court erred in refusing to find that the bank received the directories and contracts under instructions of appellant and the bank received the $150 by the consent of appellant and turned over the directories and contracts by appellant's consent. It was error to refuse to find these facts as requested by in its second declaration of facts.

3.  The appellant, not being a party to the suit by Haney and Plank against the Harper Directory Company, a partnership, no judgment was rendered by the justice of the peace against this appellant, nor was there a judgment in the circuit court against appellant on the claims sued upon. The Dixon Stationery Company was a foreign corporation and its domicile in Oklahoma. The bond filed in the garnishment proceeding does not comply

with the law. Kirby's Digest, § 3694. The warning order is defective and void.

4. On the trial of the consolidated case in circuit court there was no evidence that appellant owed Haney or Plank anything whatever, but the record shows that appellant was not sued by either of them. The judgment of the circuit court sustaining the garnishment was wholly without evidence to support it.

5. The court erred in refusing the declaration of law asked by appellant and in failing to find specifically any facts, but its finding was only general and there was no personal service on appellant. The warning order was void on its face, and there was no entry of appearance. The garnishment was issued before judgment. Kirby's Digest, § 3694. An intervener may present his claim as an independent proceeding. 38 Ark. 329; 10 S. W. 644. The garnishment was null and void. The intervener appeared solely to contest the garnishment, as it was null and void. This was not an appearance in the principal suit. 5 Ark. 384; 6 C. J. 477; 217 U. S. 718. The court had no jurisdiction. 98 U. S. 476; 156 Id. 518; 164 Id. 271; 203 Id. 164; 1 Ark. 376; 95 Id. 302; 39 Id. 347; 35 Id. 331; 59 Id. 58.

6. There being no personal appearance of the intervener to the original suit, the personal judgment against the intervener was void, both in the original suit and the garnishment suit. A judgment on constructive service is a nullity. 38 Ark. 181; 54 Id. 137; 42 Id. 268.

7. The court erred in holding that the pretended judgment against appellant in the justice's court was conclusive on appellant on the trial in circuit court. A justice's judgment can be attacked collaterally for want of jurisdiction. 51 Ark. 34; 47 Id. 131; 48 Id. 476; 66 Id. 282. Garnishment is a proceeding not in accordance with the common law and must be strictly pursued. 12 Ark. 158; 11 Id. 180; 14 A. & E. Enc. L. 753. Want of jurisdiction in a justice of the peace's court may be

shown by parol evidence in collateral attack. 52 Ark. 373; 57 *Id.* 317; 54 *Id.* 137; 66 *Id.* 282.

8. The judgment of the justice is void, because after the consolidation the justice lost jurisdiction in the Trusty case. Kirby's Dig., § 4668; 42 Ark. 283. The judgment in the Trusty case is void on its face and so shown by parol evidence. 17 A. & E. Enc. L. 925; 29 Ark. 31; 16 *Id.* 575; 41 *Id.* 53.

*Jeff R. Rice* and *J. T. McGill,* for appellees.

1. Judgment was rendered against appellant in the justice's court when he was party defendant and no appeal was taken. The intervener was a party defendant when it filed its interevention. Judgments are not subject to collateral attack. 47 Ark. 131. The presumption is that the court had jurisdiction and its judgment can not be collaterally attacked. Freeman on Judg., §§ 524-6. A judgment of a justice when he has jurisdiction is conclusive. 33 Ark. 475; 44 *Id.* 482.

2. Appellant entered its appearance by its action. 6 Ark. 459; 46 *Id.* 251; 116 *Id.* 307. The justice of the peace's judgment was properly entered on his docket. 12 Ark. 670; 35 *Id.* 278; 43 *Id.* 233.

McCulloch, C. J. The facts are as follows: The Harper Directory Company was engaged in the business of publishing and circulating directories of cities and towns. That concern was unincorporated, and there is a conflict in the testimony as to what individuals comprised or were interested in the concern. Appellant's testimony was to the effect that T. M. Harper was the sole individual interested in the concern. The testimony of appellees tended to show that it was a partnership composed of T. M. Harper, O. T. Dixon and Mrs. Harper. The Harper Directory Company published a directory of the city of Rogers in Benton County, and the printing was done by appellant O. T. Dixon Printing & Stationery Company, a foreign corporation domiciled at Miami, Oklahoma. Later the Harper Directory Company prepared

for publication a directory of the city of Bentonville, and the manuscripts was delivered to appellant to be printed. Appellant held the manuscript for reimbursement for balance due for printing the Rogers directory, and the project was abandoned by Harper Directory Company. E. T. Cloe and S. T. Peeler then applied to appellant to have the directory published for them, and a written contract was entered into between appellant and Cloe and Peeler whereby appellant agreed to print the directory for the last named parties for a consideration of $459, payable $100 cash in advance and balance when the directory should be printed and ready for circulation. When the printing was completed, appellant, by agreement with Cloe and Peeler, sent the printed directories to the First National Bank of Bentonville for delivery to Cloe and Peeler on payment of the amount due for printing, and instructions were given to the bank to deliver the directories to those parties on payment of the price. Later verbal directions were given by appellant to the bank to deliver the directories to Cloe and Peeler on payment of the sum of $150. This was on February 12, 1919, and on that day Cloe and Peeler paid said sum to the bank for appellant and received the directories. The same day appellees Plank and Haney commenced separate actions before a justice of the peace of Benton County against T. M. Harper and O. T. Dixon as partners under the name of Harper Directory Company to recover debts alleged to be due on contract, and sued out garnishments against the bank. On February 13, 1919, appellee Trusty sued the same parties and also appellant before the same justice of the peace, to recover an alleged debt due on contract and sued out a garnishment against the bank. The funds were still in the hands of the bank at the time the writs of garnishment were served. A warning order against the defendants in each case was issued and published. On March 1, 1919, appellants filed in each of said cases an intervention plea claiming to be the owner of the funds in bank as a payment to them under its contract with

Cloe and Peeler and prayed that said fund be adjudged to be its property, and that judgment be rendered in its favor for said fund. On the return day of the writs of garnishment appellants moved the court for consolidation of the three cases, and the court granted the prayer. The order entered by the court reads as follows:

"It is therefore ordered by the court that the garnishment writ issued in each of said cases, the answer of the First National Bank of Bentonville, Ark., thereto, and the intervention of the O. T. Dixon Printing and Stationery Company, be consolidated as one proceeding under said writ of garnishment and answer thereto and intervention aforesaid, and that said writ of garnishment proceedings and answer thereto and intervention aforesaid and all issues arising under the same be set for trial on April 18, 1919."

On April 18, 1919, there was a trial before the court which resulted in a judgment dismissing the intervention of appellant, and the latter took an appeal to the circuit court and gave a supersedeas bond. A transcript of the proceedings before the justice of the peace was lodged in the circuit court, and the cause came on for trial in that court on December 19, 1919. Testimony establishing the above facts was introduced, and there was also introduced in evidence over the objection of appellant an additional record of the justice of the peace showing a judgment by default entered by said justice on November 20, 1919, as of April 18, 1919, in the case of Trusty for recovery by him against all of the defendants including appellant, of the sum sued for. The judgment recites the publication of the warning order and proof thereof and the failure of the defendants to appear after being called. In that judgment the garnishee was ordered to pay over to Trusty the amount of said funds in its hands after satisfying the claim of Plank and Haney.

The circuit court found in favor of appellees and entered judgment dismissing the intervention of appellant.

Our opinion is that the judgment of the circuit court is not supported by the evidence. The funds in controversy were paid into the bank to the credit of appellant pursuant to its contract with Cloe and Peeler and in accordance with express direction to the bank when the funds were paid over. The funds belonged to appellant, and there is no testimony in the record tending to show that appellant owed anything to either of the appellees. If appellant is liable to the Harper Directory Company in any way or in any sum on its transaction with the latter in regard to the publication of the Bentonville directory and if appellees wish to enforce that liability as creditors of the Harper Directory Company, a remedy must be sought in an appropriate action. It can not be enforced in this action.

The circuit court also erred in holding that the judgment of the justice of the peace in the Trusty case, unappealed from, is conclusive of appellant's right to recover the funds in controversy. Appellant was a defendant in that case, and was brought in by publication of a warning order, and it filed its intervention in that case as in the other cases. The intervention in that case was, however, consolidated with the other cases, and all of the cases were tried together, and appellant duly prosecuted its appeal from the adverse judgment of the justice. If the filing of the intervention constituted a general entry of appearance in the case so as to raise an issue as to appellant's liability for the debt sued for, that issue was carried into the consolidation of the cases, and the justice of the peace had no jurisdiction thereafter to render an independent judgment against appellant for recovery of the debt as long as the consolidated cases were pending.

A judgment of a justice of the peace, within its jurisdiction, is as conclusive as the judgment of a superior court; but such a judgment, unlike the judgment of a court of general or superior jurisdiction, does not import incontrovertible verity, and the want of jurisdiction over the person of the defendant may be shown col-

laterally. *Jones* v. *Terry,* 43 Ark. 230; *Townsly-Myrick Dry Goods Co.* v. *Fuller,* 58 Ark. 181; *Albie* v. *Jones,* 82 Ark. 414.

It was shown in this case by the fact that the cause had, when the judgment was rendered, been consolidated with the other cases and proceeded to trial with those cases.

Reversed and remanded for new trial.