No. 23,827.

CONTINENTAL SUPPLY COMPANY, *Appellant,* v. WINFIELD S. WHAN et al. (FRANK A. WHAN, *Appellee.*)

SYLLABUS BY THE COURT.

JURISDICTION—*Action on Foreign Judgment—Sheriff's Return Showing Valid Service May Be Impeached.* The action was one to recover on a personal judgment, rendered by a court of competent jurisdiction of the state of West Virginia. The sheriff's return showed valid service, under the laws of West Virginia, by delivering a copy of the summons at the defendant's usual place of abode, to his wife, who was a member of his family. *Held,* the sheriff's return was only *prima facie* evidence of valid service, and the defendant could show want of jurisdiction in the West Virginia court by proof that he made no appearance in the action, that at the time of service he had separated from his wife and was living apart from her, that she was not a member of his family, and that the place where the summons was delivered was not his usual place of abode.

Appeal from Butler district court; ALLISON T. AYRES, judge. Opinion filed July 8, 1922. Affirmed.

N. A. Yeager, R. A. Cox, both of Augusta, and Rhodes E. Cave, of St. Louis, Mo., for the appellant.

T. A. Kramer, George J. Benson, both of El Dorado, George Gardner, K. W. Pringle, and George Austin Brown, all of Wichita, for the appellee.

The opinion of the court was delivered by

BURCH, J.: The action was one to recover on a personal judgment, rendered by a court of competent jurisdiction of the state of West Virginia, against Winfield S. Whan and Frank A. Whan. Frank A. Whan defended, on the ground the judgment against him was void for want of jurisdiction. The verdict and judgment were in his favor, and the plaintiff appeals.

The decision depends on the conclusiveness of the sheriff's return of service on Frank A. Whan, who will be spoken of as the defendant. The return showed valid service under the laws of West Virginia, by delivering a copy of the summons at the defendant's usual place of abode, to his wife, who was a member of his family. The defendant entered on the trial with the presumption against him that the sheriff's return was true. The presumption, however, was rebuttable, because the defendant's usual place of abode and the constitution of his family were not facts which were within the personal knowledge of the sheriff. The proof was, that the defendant made no appearance in the action, that he had separated from his wife and was living apart from her, that she was not a member of his family, and that the place where the summons was delivered was not his usual place of abode.

In the case of Bond v. Wilson, 8 Kan. 228, the syllabus reads:

"The general rule is, that as between parties to an action the return of the sheriff is conclusive, but this rule is not to be carried so far in cases of original process as to preclude an inquiry into the facts on which jurisdiction depends; and where the return of the sheriff is that a copy of the summons was left at the residence of the defendant, the court may hear and determine whether the place where the copy was left was, at the time, the residence of the defendant."

In the opinion it was said:

"We know of no statute that makes a sheriff a final and exclusive judge of where a man's residence is, or what is the age of a minor, or who are the officers of a corporation, or where their place of business is; and when the statute made it the duty of the sheriff to ascertain these facts it did not make

his return of such facts *conclusive*. Of his own acts his knowledge ought to be absolute, and himself officially responsible. Of such facts as are not in his special knowledge he must act from information, which will often come from interested parties, and his return thereof ought not to be held conclusive." (p. 231.)

This rule has been adhered to ever since it was announced, whether the judgment assailed was foreign or domestic. The latest applications of the rule may be found in *Schott v. Linscott*, 80 Kan. 536, 103 Pac. 997, and *O'Neil v. Eppler*, 90 Kan. 314, 133 Pac. 705.

The plaintiff contends that *Bond v. Wilson*, and other cases which followed it, were overruled by the decision in the case of *Goddard v. Harbour*, 56 Kan. 744, 44 Pac. 1055. In *Goddard v. Harbour* the return was that the summons was served personally, a fact within the sheriff's personal knowledge. In conformity with the earlier cases, all of which were cited, it was held the return was conclusive. In the opinion it was said:

"In the cases heretofore decided by this court the right to controvert the sheriff's return has been expressly limited to matters not coming within his personal knowledge, and the opinions in all the cases, including, also, *Mastin v. Gray*, 19 Kan. 458, recognize this distinction." (p. 748.)

No question arises with reference to giving full faith and credit to the judgment of a court of a sister state, because the defendant would be entitled to contest the sheriff's return if an attempt were made to enforce the judgment in the state of West Virginia. In the case of *Fuel Co. v. National Bank*, 89 W. Va. 438, the syllabus reads:

"Upon a proceeding to vacate a judgment taken by default in a case in which the defendant had no notice of the pendency of the action in any manner or form, the return of the officer indorsed upon the summons is only *prima facie* evidence of service, and may be overthrown by proof of such lack of notice."

The judgment of the district court is affirmed.