MILLER v. BROWN.

Opinion delivered April 12, 1926.

1. JUDGMENT—FOREIGN JUDGMENT—CONCLUSIVENESS.—A judgment of a justice of the peace of another State, who had jurisdiction of the subject-matter and of the person of the defendant, either by personal appearance or by due service process upon him, is conclusive as to the merits of the demand on which it is founded, unless it was obtained by fraud.

2. JUDGMENT—COLLATERAL ATTACK ON FOREIGN JUDGMENT.—A foreign judgment may be attacked collaterally in an action thereon in a State other than that in which it was rendered by showing that the defendant has not been served with process and did not enter his appearance.

3. JUDGMENT—INFERIOR COURT—COLLATERAL ATTACK.—Even in the case of a domestic judgment of a justice of the peace, the want of jurisdiction of defendant's person may be shown collaterally.

4. JUDGMENT—FILING JUSTICE'S JUDGMENT IN CIRCUIT COURT.—The fact that the judgment of a justice of the peace was filed in the circuit court of the county in which it was rendered in another State did not render it a judgment of the latter court, as that was only a means provided by statute for the better enforcement of the judgment.

5. PLEADING—NEW MATTER IN ANSWER.—Allegations in an answer, in a suit upon a judgment of a justice of the peace of another State that there had been no service of process upon defendant in that State, and that he had not entered his appearance therein, constituted "new matter" which defendant was required to plead in his answer, under Crawford & Moses' Dig., § 1194.

Appeal from Lonoke Circuit Court; *George W. Clark,* Judge; reversed.

STATEMENT OF FACTS.

J. T. Brown brought this suit in the circuit court against Frank Miller to recover $200 and the accrued interest. The cause of action is based upon a judgment in favor of J. T. Brown against Frank Miller on the 11th day of September, 1924, in a justice of the peace court of Kaw Township, Jackson County, Missouri. The facts of the rendition of the judgment and that said judgment was subsequently filed in the office of the circuit court of Jackson County, Missouri, are alleged in the complaint. A duly certified copy of the judgment is also filed as an exhibit to the complaint.

Frank Miller filed an answer to the complaint in which, among other things, he pleaded that he was not served with process, and had no notice whatever of the pendency of the action against him in the justice court of Kaw Township, in Jackson County, Missouri, and that he never appeared thereto in person or by attorney.

The plaintiff filed a demurrer to the answer on the ground that it did not constitute a defense to his cause of action, and also moved to strike the defendant's answer from the files.

The circuit court sustained the demurrer and motion to strike the answer from the files, and the defendant refused to plead further, and elected to stand upon his answer. Whereupon judgment was rendered in favor of the plaintiff Brown against the defendant Miller, for the amount sued for. The case is here on appeal.

*Trimble & Trimble,* for appellant.

*Reed & Beard,* for appellee.

HART, J., (after stating the facts). The judgment of the circuit court was wrong. It is true that a judgment of the justice of the peace of another State, who had jurisdiction of the subject-matter and also of the person of the defendant, by voluntary appearance or by due service of process upon him, is conclusive as to the merits of the demand on which it is founded, unless it was obtained by fraud. *Glass* v. *Blackwell,* 48 Ark. 50, and *Albright* v. *Mickey,* 99 Ark. 147.

It is equally well settled that a foreign judgment can be attacked collaterally without violating the full faith and credit clause of the Federal Constitution in an action thereon in a State other than that in which it was rendered, by showing that the defendant had not been served with process and did not enter his appearance to the action in the State where the judgment was rendered. *Pickett* v. *Ferguson,* 45 Ark. 177; *National Exchange Bank of Tiffin* v. *Wiley,* 195 U. S. 257; and *Chicago Life Insurance Co.* v. *Cherry,* 244 U. S. 25.

Numerous other cases sustaining the rule that, if the court which rendered the judgment has no jurisdiction of the person of the defendant, the judgment for that reason is not entitled to recognition or enforcement in another State, may be found in 34 C. J., § 1614, pp. 1138 and 1139.

Moreover, this court has held that, even in the case of a domestic judgment of a justice of the peace, the want of jurisdiction of the person of the defendant may be shown collaterally. *O. T. Dixon Printing & Stationery Co.* v. *Plank,* 144 Ark. 485, and cases cited.

The fact that the judgment of the justice of the peace was filed in the circuit court of the county in which it was rendered in the State of Missouri did not make it a judgment of that court. This was only a statutory means provided for the better enforcement of the judgment, and it still remained a judgment of the justice's court.

In this connection it may be stated that the answer of the defendant alleging that there has been no service of process upon him in the justice's court in the State of Missouri, where the judgment sued on was rendered, and that he did not enter his appearance to that action, constituted new matter within the meaning of § 1194 of Crawford & Moses' Digest, which the defendant was required to plead. The answer is not evidence of the new matter set up in defense of the original judgment rendered in the justice's court in the State of Missouri, and the burden of proving its truth will devolve upon the defendant pleading it.

It necessarily follows from the views we have expressed that the circuit court erred in striking the answer of the defendant from the files of the court, and for that error the judgment will be reversed, and the cause remanded for further proceedings according to law.