STUBBS v. WRIGHT.

Opinion delivered February 20, 1928.

1. CORPORATIONS—AUTHORITY OF RECEIVER OF INSOLVENT CORPORATION.—It was error to direct the receiver of an insolvent corporation to take possession of property which did not appear to belong to the corporation for which he was appointed.

2. CORPORATIONS—INSOLVENCY—DECREE FOR OUTSTANDING RECEIVER'S CHECKS.—In insolvency proceedings in which a receiver was appointed for a domestic corporation, it was error to render a judgment for undetermined amount of outstanding receiver's checks and declare the amount thereof a lien against property in the hands of the receiver.

3. CORPORATIONS—FOREIGN CORPORATION DOING BUSINESS IN STATE.— A foreign corporation was not doing business within the State, in violation of the State's law, where the transactions in which it became a mortgagee of property were interstate, and at a time when it was a partnership, and where, before intervening in a suit as claimant under a chattel mortgage of property within the State, it had complied with the State laws.

Appeal from Pulaski Chancery Court; *Frank H. Dodge*, Chancellor; reversed.

*Sam T. & Tom Poe, Floyd Sharp* and *McDonald Poe,* for appellant.

*Horace Chamberlin,* for appellee.

McHANEY, J.   Appellant, Stubbs, is the trustee in a chattel mortgage executed by one J. A. Coleman to the Triple XXX Company, a Texas corporation, to secure an indebtedness due it by Coleman of approximately $18,000.   The appellee, A. L. Wright, brought this suit against one W. C. Dunn, said Coleman, and the Arkansas Triple XXX Company, an Arkansas corporation, on a promissory note for $800 executed by the Arkansas Triple XXX Company and indorsed by Dunn and Cole-

man to M. B. Morgan, which he had acquired in due course, alleging the insolvency of the Arkansas Triple XXX Company, and praying the appointment of a receiver therefor, and W. E. Greene, clerk of the court, was appointed receiver for said company. He was directed to and did take charge of the business of the Arkansas Triple XXX Company. He also took charge of the property belonging to said Coleman, which had been mortgaged by him to appellant corporation, and which was being used in the business of the Arkansas Triple XXX Company. The Texas Company was organized as a corporation on January 3, 1927. Prior to that time it was a partnership, doing business at Galveston, Texas, under the trade name of Southern Beverage Company. It was licensed to do business in Arkansas on July 21, 1927. It is the owner of a formula and trade-mark for the manufacture, sale and distribution of root beer, which it has advertised extensively under the trade name of Triple XXX, and it is the owner of various articles of equipment suitable for use in dispensing its brand of root beer. It grants, by contract with sundry people throughout the country, the right or license to make and sell this brand of root beer, and also leases its equipment to be used in dispensing its product, retaining title to the equipment and permitting the use thereof by others, subject to the terms of the license agreement. In March, 1926, prior to its incorporation, Southern Beverage Company, the partnership, leased three lots at the southeast corner of Fourteenth and Main Streets, Little Rock, Arkansas, and erected thereon a small brick building, which is known as a "thirst station," and equipped same for the sale of Triple XXX root beer. It thereafter on July 26, 1926, leased said property to said Dunn, who contracted to buy the improvements at Fourteenth and Main streets, and entered into a lease agreement for the use of the equipment. Dunn paid a portion of the purchase price in cash, and executed his notes and the deed of trust on the improvements on the leased property at Fourteenth and Main, and a chattel mortgage on the

personal property, to secure his indebtedness to the Southern Beverage Company. Dunn failed to pay the purchase price in accordance with the terms of the agreement, and in May, 1927, he conveyed all of said property to the appellant, Triple XXX Company, in full settlement of his indebtedness to it, and on May 5, 1927, the same property was resold to said Coleman for $19,360, of which $1,000 was paid in cash, and for the balance Coleman executed his notes, and on June 6, 1927, he executed to appellant, Charles J. Stubbs, as trustee for the Triple XXX Company, a deed of trust covering all of the property he had theretofore purchased from the Triple XXX Company. At the time the receiver was appointed and the property involved in this action was taken over by him, Coleman was delinquent in the payment of his notes to appellant. It further appears that, although Coleman and Dunn had organized the Arkansas Triple XXX Company, the title to this property had never been conveyed to it.

On July 26, 1927, appellants intervened in this action for the appointment of a receiver, set up its claim to the property held by Greene as receiver, and asked for the delivery of the property to it, and for damages for the wrongful detention of the property.

The appellees answered the intervention, denying its rights, for the reason that it was a foreign corporation, not having complied with the laws of this State, and that it was engaged in business in this State contrary to the laws of this State applying to foreign corporations.

On July 30, 1927, the court entered an order, finding that appellants were entitled to possession of the property involved in the action, directing the immediate delivery thereof by the receiver, but required appellants to execute a bond in the sum of $2,000 conditioned to pay any sums which might finally be adjudged as liens against the property prior to appellant's claims. Appellants filed the bond conditioned as aforesaid, and took possession of the property. The court also directed the receiver to pay all expenses of operation of the business incurred

by him, and to file his final report.  On August 6 the receiver made an oral report to the court, stating that he had issued checks in connection with the receivership in excess of the funds in his hands, and asked the instructions of the court as to the method of procedure to raise the necessary funds to pay the outstanding checks.  The amount thereof, nor to whom payable, nor for what purpose, is stated in the record.  The court entered a decree declaring the undetermined amount of the unpaid checks of the receiver a lien against the property which he had ordered returned to appellants on the execution of the bond, prior and paramount to the title of appellants and all other parties to the action, and directed the receiver to take charge thereof and operate the property until a sufficient amount of money was obtained to pay the unpaid checks, unless a sufficient sum of money was paid to the receiver, on or before August 15, to cover the amount of such checks.  The receiver was also ordered to prepare and file a written statement, showing the exact amount of each check outstanding which remained unpaid, the dates thereof, the name of the payee, and the purpose for which same was issued.  From this latter order or decree this appeal is prosecuted.

We think this order was erroneous.  In the first place, it is not shown that the Arkansas Triple XXX Company had any interest in the property which the receiver was ordered and directed to surrender to appellants.  The receiver was appointed for the Arkansas Triple XXX Company, and for no one else.  If the property was not the property of the Arkansas Triple XXX Company, but was the property of J. A. Coleman and appellants,  or either or both of them, certainly the receiver of the Arkansas Triple XXX Company had no right or authority to take possession or control of any property that did not belong to it.  The receiver was not appointed to take charge of the property of Coleman. If in fact Coleman had conveyed his equity in the property to the Arkansas Triple XXX Company, then the receiver was justified in taking charge thereof, and in operating

it as the property of the Arkansas Triple XXX Company, subject to the rights of appellants therein. And the equity therein of the Arkansas Triple XXX Company, if any, could have been sold by order of the court to satisfy the claims of creditors of the Arkansas Triple XXX Company. In the second place, in the order of July 30, the court directed the immediate delivery by the receiver of the property to appellants, and required them to give a bond in the sum of $2,000 to pay all sums which might be adjudged to be liens against the property prior to the lien of appellants. In the order of August 6 it adjudged an undetermined amount of outstanding checks to be liens superior to the claims of appellants, but did not attempt to enforce them by a proceeding against the bond. Instead, the court ordered the receiver to retake the property and operate it to pay these sums. The court could not render a judgment for an undetermined amount and declare it to be a lien against the property, as the judgment would have to be for a definite and certain sum, and, if a lien at all, the bond should have been subjected to the payment thereof, instead of the repossession of the property.

We do not think there is any merit in the contention that appellant, Triple XXX Company, being a foreign corporation, was doing business in this State in violation of the laws of this State relating to foreign corporations. All of the transactions heretofore set out with Dunn were had before the incorporation of appellant, at a time when it was a partnership, doing business as the Southern Beverage Company. The transactions between Coleman and it were had and done in the State of Texas, and were interstate in character. It complied with the laws of this State on July 21, 1927, and thereafter filed its intervention. *L. D. Powell Co.* v. *Rountree,* 157 Ark. 121, 247 S. W. 389, 30 A. L. R. 414; *Linograph Co.* v. *Logan,* 175 Ark. 194, 299 S. W. 609.

For the error indicated the judgment will be reversed, and the cause remanded with directions to ascertain the amount of the outstanding checks issued

by the receiver in payment of the expenses of the receivership, the nature and purpose thereof, and to determine whether such amounts are superior to the lien of appellants, and, if so, to enforce collection thereof out of the bond so given by appellants to obtain possession of the property; but, if not, then to collect same out of the bond of petitioner, Wright, given to obtain the appointment of a receiver, in the event there be no assets in the hands of the receiver belonging to the Arkansas Triple XXX Company.   It is so ordered.