LEWIS *v.* UNITED ORDER OF GOOD SAMARITANS.

Opinion delivered December 15, 1930.

*Carmichael & Hendricks,* for appellant.

*Bruce T. Bullion* and *Jno. P. Streepey,* for appellee.

MEHAFFY, J. This is a suit on a foreign judgment. The complaint states that on November 2, 1929, plaintiff in the district court of Wyandotte County, Kansas, under the style of Louisiana Lewis, plaintiff, v. United Order of Good Samaritans, a corporation, and F. Fitzpatrick, defendants, filed a petition to recover on a policy of insurance issued by the United Order of Good Samaritans on the life of Anthony Lewis, in which plaintiff was named as beneficiary, and which provided for payment of $1,000 for natural death and $2,000 for accidental death. That summons was issued on said petition and services were had as shown by a copy of the service set out in the complaint; that judgment was rendered against the defendant by the Kansas court on December 16, 1929, for

$2,000. The prayer is for judgment for $2,000, interest and costs. A copy of the petition filed in the District Court of Wyandotte County, Kansas, was attached to and made part of this complaint. Copy of the judgment of the Kansas court recited that the defendant had been personally served with summons, service of same being had on the agent of the above company, as provided by law. Defendant filed motion to dismiss, answer, motion to transfer to equity and motion for bond for costs. Thereafter the defendant filed a substituted answer in which it is alleged that neither F. Fitzpatrick nor Bessie (E.) Young were agents of defendant in the State of Kansas at the time service of summons was attempted to be made on said Bessie (E.) Young by delivering a copy thereof to her in Wyandotte County in said State; neither F. Fitzpatrick nor Bessie (E.) Young were authorized or empowered to represent defendant in any capacity in the State of Kansas at said time. The said Fitzpatrick was not employed by defendant in any capacity at the time it is alleged a policy of insurance for plaintiff's intestate was issued, and was not employed by defendant in any capacity at the time it is alleged he took up such policy of insurance; that the defendant is a fraternal benefit society, and service of process, under the laws of Kansas, can only be made on it by making service on the Insurance Commissioner of said State, if it had been admitted to transact business in said State; that it was not and never had been licensed or admitted to transact business in said State of Kansas and therefore could not be sued in said State; that it had never transacted business in the State of Kansas, and had never applied for or been licensed to do so; that said court had no jurisdiction of it to render any judgment against it; that it was never notified of the pendency of said suit; had no knowledge of same and never appeared in said action nor otherwise gave the court trying same jurisdiction over it. The appellant filed the following demurrer to the substituted answer:

"1. The answer does not state facts sufficient to constitute a defense.

"2. The answer does not state facts sufficient to entitle the defendant to the relief sought.

"3. The duly verified and certified copy of the judgment attached to the complaint, and upon which suit is based, finds and shows there was proper service.

"4. The recitation in the Kansas judgment that service was had is conclusive, and the record reciting it cannot be contradicted.

"5. The defendant cannot show by testimony *aliunde* that the defendant was not served properly in the State of Kansas, because each State is a judge of its own service, and the finding of the judgment as to service is conclusive on every one.

"6. Foreign judgments must be treated like domestic judgments, and the validity of a domestic judgment cannot be impeached as to want of service by testimony *aliunde*, but the recitations in the record are conclusive."

The court overruled the demurrer, and plaintiff declining to plead further, the complaint was dismissed. The case is here on appeal. The only question for our consideration is: Is the recital as to jurisdiction in a foreign judgment conclusive or can it be impeached for want of jurisdiction?

Article 4, § 1, of the Constitution of the United States is as follows: "Full faith and credit shall be given in each State to the public acts, records and judicial proceedings of every other State. And the Congress may by general laws prescribe the manner in which such acts, records and proceedings shall be proved, and the effect thereof."

"Under the provisions of the Constitution of the United States and the Federal statutes enacted thereunder requiring that a judgment rendered in one State must be given in all other States the same faith and credit which it has by law or usage in the State in which it was rendered, judgments *in personam* of sister States are placed on the same footing as domestic judgments as

regards the merits of the claim or subject-matter of the suit, and when offered as evidence, or pleaded as the foundation of a right, in an action in the courts of another State, are entitled to the same force and effect as they have in the State where rendered." 15 R. C. L. p. 927 *et seq*.

There is no conflict in the authorities as to the above statement of the law. It will however be observed that the foreign judgment is placed on the same footing as domestic judgment as regards the merits of the claim, but "the clause of the Federal Constitution which requires full faith and credit to be given in each State to the records and judicial proceedings of every other State applies to the records and proceedings of courts only so far as they have jurisdiction, and the courts of one State are not required to regard as conclusive any judgment of the court of another State which had no jurisdiction of the subject or of the parties. It follows therefore that the jurisdiction of a court rendering a judgment or decree is always open to inquiry under proper averments, where its conclusiveness is questioned in a court of another State, and when a defendant is sued in the court of his domicile on a judgment obtained against him in another State he may show that the court of such other State did not have jurisdiction to render the judgment against him." 15 R. C. L. p. 929, *et seq;* 34 C. J. p. 1142; 34 C. J. p. 1144.

The general rule is that the full faith and credit clause of the Constitution and the laws enacted thereunder apply only where the court rendering the judgment had jurisdiction. The Supreme Court of the United States, in construing the provisions of the Constitution and the laws thereunder enacted, said: "This does not prevent an inquiry into the jurisdiction of the court in which a judgment is rendered to pronounce the judgment, nor of the right of the State to exercise authority over the parties or the subject-matter, nor whether the judgment is founded in, or impeachable for, a manifest fraud." *Cole* v. *Cunningham,* 133 U. S. 107, 10 S. Ct. 269; *Old*

*Wayne Life Ins. Co.* v. *McDonough,* 204 U. S. 8, 27 S. Ct. 236, 51 L. Ed. 345; *Thompson* v. *Whitman,* 85 U. S. 457; *Nat. Surety Co.* v. *Mulligan,* 105 N. J. Law 336, 146 Atl. 372; *U. S. Fidelity & Guaranty Co.* v. *Richey,* (Tex. Civ. App.) 18 S. W. (2d) 231; *Bonnet-Brown Sales Service* v. *Utt* (Mo.) 19 S. W. (2d) 888; 2 Black on Judgments, p. 1250.

The weight of authority is to the effect that a foreign judgment, under the full faith and credit clause of the Constitution and the laws enacted thereunder, is conclusive on collateral attack except for fraud or want of jurisdiction. This court said in a recent case: ''It is equally well settled that a foreign judgment can be attacked collaterally without violating the full faith and credit clause of the Federal Constitution in an action thereon in a State other than that in which it was rendered, by showing that the defendant had not been served with process and did not enter his appearance to the action in the State where the judgment was rendered.'' *Miller* v. *Brown,* 170 Ark. 949, 281 S. W. 904. See *Pickett* v. *Ferguson,* 44 Ark. 177; *National Exchange Bank of Tiffin* v. *Wiley,* 195 U. S. 257, 25 S. Ct. 76; *Chicago Life Ins. Co.* v. *Cherry,* 244 U. S. 25, 37 S. Ct. 492; *Barkman* v. *Hopkins,* 11 Ark. 157. It is true that the judgment in the case of *Miller* v. *Brown, supra,* was a judgment of the justice of the peace court, but the transcript had been filed in the circuit court, as provided by the statute of Missouri. Revised Statutes of Missouri, 1919, §§ 2850 and 2851, provide that the judgment shall be under the control of the court where the transcript is filed and may be revived and carried into effect in the same manner and with like effect as judgment of circuit courts, etc. ''Where by the laws of one State a judgment of a justice of the peace, by virtue of entry of a transcript thereof in a superior court, acquires the force and effect of a judgment of the court in which it is entered, such judgment must be given the same force and effect in every other State.'' 34 C. J. p. 1154.

Appellant contends however that when a judgment of a sister State is sued on in Arkansas it must be treated as a domestic judgment rendered by the courts of Arkansas. He quotes from and relies on the case of *Boyd* v. *Roane,* 49 Ark. 397, 5 S. W. 704. The *Boyd* v. *Roane* case is an Arkansas judgment rendered in one county in Arkansas and sued on in another county in Arkansas. It does not discuss the question here involved. We are required under the Constitution and laws to give full faith and credit to the judgment of a sister State. That is a judgment rendered in one State must be given in all other States the same faith and credit which it has by law or usage in the State in which it was rendered. The judgment sued on here was rendered by the court in the State of Kansas, and we must therefore give it the same faith and credit which it has by law or usage in the State of Kansas.

In a case in the Kansas court the sheriff's return showed that the writ was executed "by leaving a copy thereof at the usual place of residence of the defendant." The Kansas court, after discussing the English rule and the decisions of the courts in this country, said: "We are aware it is a question of evidence and not of pleading; but we know of no statute that makes a sheriff a final and exclusive judge of where a man's residence is, or what is the age of a minor, or who are the officers of a corporation, or where is their place of business; and when the statute made it the duty of the sheriff to ascertain these facts, it did not make his return of such facts conclusive. Of his own acts his knowledge ought to be absolute, and himself officially responsible. Of such facts as are not in his special knowledge he must act from information, which will often come from interested parties, and his return thereof ought not to be held conclusive." *Bond* v. *Wilson,* 8 Kan. 228, 12 Am. Rep. 466.

In a later Kansas case the court said: "It is true that § 572 of the Civil Code provides that a judgment shall not be vacated on motion, or petition, until it is adjudged that there is a valid defense to the action; but

920

this section in the nature of things does not apply to judgment rendered by a court having no jurisdiction of the person of the defendant, and where the judgment, so called, is a nullity." *Hanson* v. *Wolcott*, 19 Kan. 207. See also *Reynold* v. *Fleming*, 30 Kan. 106, 1 Pac. 61; *McNeill* v. *Edie*, 24 Kan. 108; *Schatt* v. *Linscott*, 80 Kan. 536, 103 Pac. 997; *O'Neil* v. *Eppler*, 90 Kan. 314, 133 Pac. 705; *Supply Co.* v. *Whan*, 111 Kan. 687, 208 Pac. 563.

If we give the same faith and credit to the judgment sued on herein as it has by the law or usage in the State of Kansas where it was rendered, we must hold that it may be impeached for want of jurisdiction, notwithstanding the recitals in the record. Appellant calls attention to the case of *Beauchamp* v. *Bertig*, 90 Ark. 359, 119 S. W. 75, 23 L. R. A. (N. S.) 659. It is said in that case: "It is held that the same effect is to be given to the record in the courts of the State where produced as in the courts of the State from which it is taken." Applying that rule here, the judgment sued on is to be given the same effect here where produced as in the courts of the State of Kansas from which it is taken. The latest case in this court is *Miller* v. *Brown*, *supra*, where the same rule was announced. The judgment of the circuit court is affirmed.

HART, C. J., concurs.