Sessing *v.* Great Western Coal Company.

4-5177                                    120 S. W. 2d 361.

Opinion delivered October 10, 1938.

*W. L. Curtis,* for appellant.

*Hardin & Barton* and *Warner & Warner,* for appellee.

MEHAFFY, J. The appellee is a corporation organized and existing under the laws of the State of Arkansas with its principal place of business in Sebastian county, Arkansas. It was engaged in mining and marketing coal and held coal leases along the Arkansas-Oklahoma line in the western part of Sebastian county and also in LeFlore county, Oklahoma. The appellee sunk a shaft and erected a tipple about 400 feet east of the Oklahoma state line on the Arkansas side, and had driven its entries, or workings, across the line reaching the state of Oklahoma. It was mining and removing coal from said mine and hauling it in the usual way and shipping it to market.

The appellant lived in Arkansas, was in the employ of the appellee in Arkansas; all of appellee's property was in Arkansas. The appellant, while in the employ of the appellee, went down into the shaft, which was 360 feet deep, and was working in the mine. On December 4, 1935, while in the discharge of his duties, he was injured. The injury necessitated the amputation of the index and middle fingers of his right hand.

Appellant filed suit in the Sebastian chancery court alleging that under the Oklahoma statutes the State Industrial Commission of the State of Oklahoma, after proper notice and full and complete hearing, made him an award which aggregated $1,800, together with doctor bills, which it is alleged amounted to $40.

Section 11247 of the Oklahoma statutes of 1931 provides for a lien upon the buildings, machinery, equipment inside or outside, income, franchises, leases or subleases, and all other appurtenances, and all property of the person, owner, agent, firm or corporation, owning constructing or operating such mine, etc. The lien is to secure the payment to employees who are injured while in the performance of their duties. Oklahoma has a workmen's compensation law and § 13373 provides for a lien for unpaid wages for labor.

Appellant's claim was investigated by the State Industrial Commission and award made by it, and the com-

plaint alleges that the accident occurred in Oklahoma; that the appellant was at work west of the shaft such a distance as would take him across the line into Oklahoma. The commission in Oklahoma, after stating the facts, made the following order, which was certified and attached to the complaint of appellant:

"It is therefore ordered, that within fifteen days from the filing of this order respondent pay claimant the sum of $1,131, as compensation for temporary total and permanent partial disability as herein before set out, and continue to pay claimant at the rate of $18 per week until a total of 100 weeks or $1,800 has been paid by reason of claimant's 50 per cent. permanent disability to the right hand, and pay the authorized, reasonable and necessary medical expenses incurred by claimant by reason of his said injury.

"It is further ordered, that within thirty days from the filing of this order respondent file with this commission proper receipt or other evidence of compliance with the terms of this order."

The appellant alleged in his complaint that the injury occurred in the state of Oklahoma and that proper notice was served on the appellee, a full hearing had, and the award made. This suit is brought to enforce the award of the Oklahoma Industrial Commission, and appellant asked that said judgment be a lien on the property of the appellee.

Appellee filed answer in which it admitted that appellant is a resident and citizen of Bonanza, Arkansas; that it is a corporation organized and existing under the laws of Arkansas, and maintains a business in the Greenwood district of Sebastian county, Arkansas; but denies that it maintains a place of business in the Ft. Smith district of Sebastian county. It denies all the material allegations in the complaint and states the method of operating the mine. It further states that it is not subject to the laws of Oklahoma and has not complied with such law; that the state of Oklahoma has at no time exercised or attempted to exercise jurisdiction or control in any respect whatsoever over any underground entry which might have extended off of such mine into the state of

Oklahoma. Appellee further states in its answer that the Workmen's Compensation Law of Oklahoma has no application to the injury alleged to have been sustained by appellant. It alleges that neither the appellant nor appellee is subject to said law or the provisions thereof.

Several witnesses testified as to where the injury occurred, whether in Oklahoma or Arkansas. The witnesses for appellant, however, made no measurements and their statements were generally estimates, and some of the witnesses for appellee made actual measurements showing that the place of injury was in the state of Arkansas.

The court entered a decree holding that the award sued on is null and void for the reason that the Industrial Commission of Oklahoma was without jurisdiction of the subject-matter, or the appellee, and that the appellant is not entitled to recover. The court dismissed appellant's complaint, and to reverse this decree this appeal is prosecuted.

Appellant first discusses the workmen's compensation law of Oklahoma, but as we view this case it is immaterial whether the Oklahoma statute is valid or not, because it has no application in this case.

The important question in the case is whether the Oklahoma commission had jurisdiction. If it had none, then the provisions of the Oklahoma law and rules of the commission need not be discussed.

It is contended, however, by the appellant that the Oklahoma commission has jurisdiction where the injury occurs in the state of Oklahoma. Appellant cites *Associated Indemnity Corp.* v. *Landers*, 159 Oklahoma 190, 14 Pac. 2d 950. In that case the Supreme Court of Oklahoma said: "Jurisdiction of the State Industrial Commission is not dependent upon where the contract of employment was made or the place of residence of the injured employee. Under the provisions of the Workmen's Compensation Act, the State Industrial Commission has jurisdiction when the injury occurs within the state of Oklahoma, and the compensation to be awarded is that provided by the provisions of the Workmen's Compensa-

tion Act, and not that provided by the provisions of the Workmen's Compensation Act of some other state.''

In the case of *Beck* v. *Davis,* 175 Okla. 623, 54 Pac. 2d 371, the Oklahoma court again said: ''The laws of Texas were not introduced in evidence and are not a part of the record. It is the general rule that where the laws of a foreign jurisdiction are not pleaded and proved, they will be assumed to be the same as those of the jurisdiction of the forum. Our Workmen's Compensation Act has no extra territorial effect, . . . but does extend its protective aegis to employees who come within its provisions and who are injured in this state, regardless of their residence and the place where the contract of employment was entered into.'' The court then calls attention to the case of *Asso. Indemnity Corp.* v. *Landers, supra,* and then says: ''Since under the record before us no question of comity or application for the 'full faith and credit' clause of the Constitution of the United States was properly raised or presented, we decline to pass thereon. Therefore, the authorities cited by petitioner with reference thereto have no application to the case now under consideration. Although the State Industrial Commission is a tribunal of limited jurisdiction, and jurisdiction, where none exists, cannot be conferred on it by agreement, waiver, or conduct, yet, when its jurisdiction exists and has been invoked, it is thereafter exclusive and continuing.''

It, therefore, clearly appears that the Oklahoma commission has no jurisdiction unless the accident or injury occurred in the state of Oklahoma. As to whether the commission would have jurisdiction if the injury had occurred in Oklahoma we need not discuss, because we hold that the preponderance of the evidence shows that the injury occurred in Arkansas. The record in this case does not show what evidence was taken before the commission. The appellee was not present and had no service, as required by law. The Oklahoma Supreme Court also holds that where the commission does not have jurisdiction under the law, jurisdiction cannot be conferred on it by agreement, waiver or conduct. *Beck* v. *Davis, supra.*

Counsel discuss the question of doing business in the state of Oklahoma, and both parties call attention to authorities; but if the injury occurred in Arkansas, this question is unimportant.

It is contended, however, that under the "full faith and credit clause" the judgment or award of the Oklahoma commission has the same force and effect in this state as in the state of Oklahoma.

"The general rule is that the full faith and credit clause of the Constitution and the laws enacted thereunder apply only where the court rendering the judgment had jurisdiction. The Supreme Court of the United States, in construing the provisions of the Constitution and the laws thereunder enacted, said: 'This does not prevent an inquiry into the jurisdiction of the court in which a judgment is rendered to pronounce the judgment, nor of the right of the state to exercise authority over the parties or the subject-matter, nor whether the judgment is founded in, or impeachable for, a manifest fraud.' *Cole* v. *Cunningham*, 133 U. S. 107, 10 S. Ct. 269, 33 L. Ed. 538"; *Lewis* v. *United Order of Good Samaritans*, 182 Ark. 914, 33 S. W. 2d 53; *Miller* v. *Brown*, 170 Ark. 949, 281 S. W. 904; *Cronin* v. *Union Aid Life Ins. Co.*, 184 Ark. 493, 42 S. W. 2d 758.

Having reached the conclusion that the finding of the lower court is sustained by a preponderance of the evidence as to the place where the accident occurred, it would serve no useful purpose to discuss the other questions or the many authorities cited by counsel.

The judgment is affirmed.