SCURLOCK, COMMISSIONER OF REVENUES *v.* ELLIOTT.

5-319                                                          265 S. W. 2d 5

Opinion delivered March 1, 1954.

*O. T. Ward,* for appellant.

*T. J. Crowder* and *Claude F. Cooper,* for appellee.

GRIFFIN SMITH, Chief Justice. In August, 1951, Robert L. Elliott sold his mercantile business to Melvin Arbaugh, and at the time with which we are concerned Arbaugh owed Elliott $1,296.88. An audit by the department of revenues showed that Elliott was delinquent on his gross receipts tax $1,701.46. Between September 6 and the end of the year, appropriate notice was given Elliott that the indebtedness had been ascertained and he was given the statutory time for making protest. When no response was received from the debtor the com-

missioner of revenues caused a certificate of indebtedness to be filed with the clerk of Washington circuit court. Ark. Stat's, § 84-1912. The certificate was filed January 6, 1953.

This litigation was started with a petition by the Commissioner of Revenues for a writ of garnishment intended to arrest the payment by Arbaugh of the balance he owed Robert Elliott. This balance was thereupon paid into court through interpleader.

In addition to a denial that he owed the state anything, Robert Elliott asked that the lien "against his property" be stricken from the record. John Q. Elliott (Robert's brother) intervened, claiming that after Robert placed the Arbaugh contract in escrow with the First State Bank of Springdale the debt due Robert was assigned to him. He claimed that from February, 1949, until January, 1951, he had loaned Robert $10,120 evidenced by four notes; that when Robert assigned the Arbaugh indebtedness to him Arbaugh's obligation to Robert was extinguished and that he, John Q. Elliott, was owner of the paper for value without notice of the state's claim, hence his title was paramount to the state's certificate of indebtedness. The Chancellor held that the plaintiff had failed to show that the transfer was fraudulent and dismissed the petition for garnishment.

A majority of the judges think the evidence was not sufficient to show that the assignment was colorable. An official of the bank verified essential facts regarding the assignment, and the notes were shown or tendered. John Q. Elliott testified that he advanced $5,300 to Robert in February, 1949. The payment, he said, was to aid Robert in purchasing the store he later sold to Arbaugh. Robert Elliott's letter assigning the debt was dated prior to the garnishment proceedings. See *Dixon Printing & Stationery Co.* v. *Plank,* 144 Ark. 485, 223 S. W. 36.

Affirmed.

Mr. Justice WARD dissents.