SNODGRASS v. SHADER.

Opinion delivered June 15, 1914.

1. SURETYSHIP—CONTRACT—CHANGES OF TERMS—RELEASE OF SURETY.—
   Any material alteration in the terms of a contract, whereby a surety is bound, discharges the surety if he has not consented to the change, and this is so even if the alteration be for the benefit of the surety. (Page 432.)

2. SURETYSHIP—CHANGE IN TERMS OF CONTRACT—RELEASE OF SURETY.—
   Although the principals may change their contract to suit their pleasure or convenience, they can not bind the surety thereto without his consent, and, as the new contract abrogates the old, the surety is discharged from all liability unless he has consented to the alteration. (Page 432.)

3. SURETYSHIP—CHANGE IN CONTRACT—RELEASE.—Defendants were sureties upon a bond to secure the payment of $100 rent per month on two store buildings. The lessor, without the consent of the sureties, released the lessee from the lease on one of the stores, and reduced the lessee's rent to $50 per month. Held, the sureties were released from all liability. (Page 432.)

Appeal from Pulaski Circuit Court, Third Division; G. W. Hendricks, Judge; reversed.

This suit was brought by the appellee to recover of the sureties upon a bond of Pat W. Snodgrass, lessee, the rent for certain premises in Little Rock which he had failed to pay. Appellee was the owner of buildings Nos. 717 and 719 on Main Street in the city of Little Rock, and on January 6, 1910, leased the first floors of these buildings as store rooms to Pat W. Snodgrass for a period of three years from January 1, 1910, for the monthly rental of $100, in advance, and on January 6, 1910, Pat W. Snodgrass, with L. K. Snodgrass and Wm. A. Snodgrass, as sureties, appellants herein, executed and delivered to appellee a bond to secure the payment of said rent conditioned as follows: "The conditions of the above bounden obligation are such that whereas Pat W. Snodgrass has entered into a written lease for the term of three years, beginning January 1, 1910, and ending January 1, 1913, for the lower floors or store rooms at 717 and 719 Main Street, Little Rock, Arkansas, for the monthly rent of one hundred dollars per month, payable on the first day of each and every month in advance.

"Now, therefore, if the said Pat W. Snodgrass shall promptly pay the rent as set out herein, then this obligation to be null and void; otherwise to remain in full force and effect for any and all amounts up to the face of this bond for arrearages for rent. No obligation to become fixed as against this bond until there is default in payment of rent."

On November 1, 1910, the appellee, the lessor, and the lessee, Pat W. Snodgrass, made another contract whereby the lessor paid to him the sum of $250 for which he released and surrendered to her store room No. 719, and he retained the other store room at a reduced rental of $50 per month. The lessor immediately rented the store room surrendered to her to another person for $75 per month. This release of the store room 719 to the lessor was not known of nor consented to by the sureties.

Thereafter the lessee defaulted in the payment of five months rent, the months of June, July, August, Sep-

tember and October, of 1912, at $50 per month, and suit was brought against him and his sureties therefor, and the sureties claim to have been discharged from liability because of the material alteration of the contract without their consent. Upon the trial judgment was recovered against them, to reverse which, this appeal is prosecuted.

*Horace Chamberlin,* for appellants.

Any material alteration in the contract between the lessor and lessee made without the knowledge and consent of the sureties discharges them from liability. The new contract abrogates the old. 65 Ark. 550; 93 Ark. 472; 98 N. E. (Ind.) 886; 181 Mo. 300, 136 S. W. 9; 61 Atl. 36; 9 Wheaton (U. S.) 702.

*Marshall & Coffman,* for appellee.

The obligation of the sureties to pay certain sums at certain times was not changed except the reduction in amount due, and, therefore, they were not released. 6 L. R. A. (Ind.) 686; 4 Words & Phrases 3181; 8 *Id.* 6810; 60 Pac. (Mont.) 587-589; 34 Fed. 104-106; 39 Pac. (Cal.) 20, 21; 110 Fed. 577, 578; 4 Wis. 190-193; 20 Cyc. 1462-1465; *Id.* 1400, 1401; 52 L. R. A. (Mass.) 782; 15 Ore. 28. See, also, 1 Hilton (N. Y.) 313; 9 W. Va. 373; 34 N. W. (Mich.) 279; 99 N. W. (Ia.) 144; 50 N. W. (Dak.) 125; 88 Mass. 230; 64 U. S. 149; 70 Ark. 197.

KIRBY, J., (after stating the facts). The only question presented for consideration is whether appellants have been discharged from liability on the bond, executed by the lessee to the lessor for securing the payment of the rent, upon which they are sureties. It is conceded that before the end of the first year of the term of the lease, the lessee agreed with the lessor to, and did surrender, one of the store rooms and release it to the lessor for the consideration of $250 paid by her, and that she immediately thereafter leased said store room for $75 per month. This was done without the knowledge or consent of the sureties upon the bond. It was a material alteration of the terms of the contract without their consent, and released them from the further performance of it. They

may have been perfectly willing to have been bound for the payment of $100 rent for the two store rooms, and had a right certainly to rely upon their principal paying his rent out of the entire property leased. If he had abandoned it, they could have taken his place and would have been in much better condition to save themselves a loss with both the store rooms. The one released was immediately thereafter rented for $75 per month, and the two store rooms might have been more easily rented together than separately. The courts have long held that any material alteration in the terms of a contract, whereby a surety is bound, discharges the surety if he has not consented to the change, and this is so even if the alteration be for the benefit of the surety; for, although the principals may change their contract to suit their pleasure or convenience, they can not bind the surety thereto without his consent, and, as the new contract abrogates the old, the surety is discharged from all liability unless he has consented to the alteration. *O'Neal* v. *Kelley,* 65 Ark. 550; *Singer Manufacturing Company* v. *Boyette,* 74 Ark. 601; 1 Brandt on Suretyship, § 427; *Hubbard* v. *Reilly,* 98 N. E. 886; *Warren* v. *Lyons,* 9 L. R. A. 353; *Stern* v. *Sawyer,* 61 Atl. 36; *Miller* v. *Stewart,* 9 Wheaton 702; *Penn.* v. *Collins,* 5 Rob. (La.) 213. In *Berman* v. *Shelby,* 93 Ark. 479, the court said, "For 'a surety will be discharged by any material and unauthorized alteration of his contract, and it is immaterial that the principal assured the obligee that the alteration would not affect the original contract, or that he failed to carry out the contract as altered.''

Appellants were only sureties for the payment of the rent in accordance with the terms of their bond and the lease in case of the lessee's failure to pay, and the contract having been materially changed without their consent, they were thereby released from further liability. The judgment is reversed and the cause dismissed.