EMINENT HOUSEHOLD OF COLUMBIAN WOODMEN v. HOWLE.

Opinion delivered November 5, 1917.

1.  TRIAL—ARGUMENT—OPENING AND CLOSING—BURDEN OF PROOF.—
    In an action on a fraternal insurance policy, the insurance company admitted the issuance of the policy, and that deceased died while in good standing and denied liability solely upon the ground that there had been a violation of the provisions of the policy of insurance. *Held,* the burden of proving the only issue involved was upon the defendant, and that it was entitled to the opening and closing arguments.

2. INSURANCE—ACTION TO RECOVER—INSTRUCTION.—Deceased held a policy of insurance in appellant company which provided that it become void if deceased was killed while violating the law. Deceased was killed by being shot by a town marshal, after he had first fired upon the marshal. In an action on the policy, judgment was rendered against the insurance company. *Held,* instructions given in behalf of the plaintiff relating to the killing, were erroneous and prejudicial.

Appeal from White Circuit Court; *J. M. Jackson,* Judge; reversed.

*Brundidge & Neelly,* for appellant.

1. The court erred in refusing appellant the privilege of opening and closing the case, after admitting the issuance of the policy, the payment of all premiums and the death, and thus assumed the burden of showing that deceased had violated the by-laws of the order. Kirby & Castle's Digest, § § 3417-18, 7635; 82 Ark. 333; Kirby's Digest, § § 3107, 6196; 61 Ark. 628; 59 *Id.* 142.

2. The admission of non-expert testimony as to the insanity of Howle was error. 103 Ark. 200; 76 *Id.* 286, etc.

3. The court erred in giving instructions requested by appellee and in refusing those requested by defendant and in modifying them. 124 Ark. 227.

*J. N. Rachels,* for appellee.

1. The right to open and conclude is settled by the pleadings. The burden was on the plaintiff. 80 Ark. 329; 98 *Id.* 139; 31 *Id.* 306.

2. Non-expert witnesses may testify as to insanity, when properly qualified.

3. There is no error in the giving or refusing instructions. The law has been settled on former appeals. 124 Ark. 224; 118 *Id.* 226; 109 *Id.* 400; 14 R. C. L. 751, § 22; 94 Ark. 254; 102 *Id.* 326; 121 *Id.* 599.

### STATEMENT OF FACTS.

This is the fourth appeal in this case. *Eminent Household of Columbian Woodmen* v. *Howle,* 124 Ark. 224; 118 Ark. 226, and 109 Ark. 400.

John W. Howle was shot and killed while a member
in good standing of a fraternal insurance company. His
widow as beneficiary sued the insurance company to re-
cover upon the policy issued by it to her husband. The
insurance company denied liability on the ground that
Howle's death occurred while he was violating the law
and relied upon a provision of the policy which reads as
follows:

"If a guest holding a covenant shall be convicted of
a felony, or expelled from the order, or become intem-
perate in the use of liquor, or use opiates, cocaine, chloral,
or other narcotics or poison, to such an extent as to im-
pair his health, or shall die, or become totally and per-
manently disabled, or suffer loss of limb or eye, or sus-
tain broken limb in consequence of any such misde-
meanor, or any violation of law, or use of liquor or drugs,
or in consequence of a duel, or a combat, except in self-
defense, or by the hands of a beneficiary (except by ac-
cident), or by the hands of justice, or by disease result-
ing from vicious, intemperate or immoral acts on the
part of such guest, or if representations in the applica-
tion upon the faith of which the covenant was issued
shall be found untrue, or if there shall be any failure
to comply with the constitution, laws, rules and regula-
tions of the Fraternity, the covenant shall be void and of
no effect, and all payments or benefits which may have
been accrued thereunder shall be forfeited without no-
tice or service."

At the beginning of the trial the insurance company
admitted the issuance of the policy sued on and that
John W. Howle had died while a member in good stand-
ing in the insurance company. It denied liability on the
ground that the provisions of the policy of insurance
had been violated and asked to be permitted to open and
close the case before the jury. The court refused to al-
low the defendant to open and close the case and it duly
saved its exceptions to the ruling of the court.

On the part of the insurance company it was shown that John W. Howle was killed by Marvin Sowell on the streets of Searcy in White County, Arkansas. Sowell was the marshal of the town of Searcy and was on duty in the day time. There had been a previous difficulty between him and Howle and Sowell had been informed that Howle had made threats against his life. J. W. Treadway was night marshal at the time Howle was killed.

According to the testimony of both Sowell and Treadway they were standing together talking on the streets in the business part of the town of Searcy when Howle approached them and began shooting at Sowell. Sowell then drew his pistol and began to shoot at Howle and two shots entered his body causing his death. Both of these witnesses testified that Howle fired the first shot and that Sowell killed him in necessary self-defense. They both stated that Treadway did not fire his pistol at all and Treadway testified that he did not even draw it from his scabbard.

Other witnesses who were standing near and witnessed the difficulty corroborated their testimony.

On the part of the plaintiff one witness testified that after Howle and Sowell had emptied their pistols at each other that Treadway fired two shots at Howle and that these shots caused his death. Other testimony will be referred to in the opinion.

There was a verdict and judgment in favor of the plaintiff and the defendant company has appealed.

HART, J., (after stating the facts). In the opinion on the first appeal it was held that when a policy of insurance in a fraternal order provides for a forfeiture in case the insured met his death while committing an act in violation of law, in order to avoid the policy the insured must have met his death while voluntarily engaged in the violation of the law and if the insured was insane and not responsible for his acts when the act was committed, then he did not voluntarily commit an unlawful act in violation of the law.

It was the contention of the plaintiff that Howle at the time of the killing was insane and testimony was introduced on the part of the plaintiff to establish that issue. Some of the witnesses who testified on this branch of the case were not experts and it is now insisted that they did not sufficiently detail the facts upon which their testimony was based to make it competent. We do not deem it necessary to set out their testimony. It is substantially the same as the testimony given by the witnesses on the last appeal and we there held that the testimony was competent.

(1) It is also insisted by counsel for the defendant company that the court erred in denying it the right to open and close the case before the jury. In this contention we think counsel are correct. The record shows that at the beginning of the trial the defendant admitted the issuance of the policy sued on and that John W. Howle died while a member in good standing in the company. It denied liability solely on the ground that there had been a violation of the provisions of the policy of insurance. The burden was upon the company to show that there had been a forfeiture under the terms of the policy. *Arkansas Mutual Fire Insurance Co.* v. *Stuckey,* 85 Ark. 33.

Section 6196 of Kirby's Digest provides that in the argument of a case the party having the burden of proof shall have the opening and the conclusion.

Section 3107 provides that the burden of proof in the whole action lies on the party who would be defeated if no evidence were given on either side.

The insurance company, having admitted the issuance of the policy and that Howle died while a member in good standing and the burden being upon it to show a violation of the provisions of the policy, would necessarily have been defeated if no evidence had been introduced. *Roberts* v. *Padgett,* 82 Ark. 331. See also *Mansur, etc., Implement Co.* v. *Davis,* 61 Ark. 628.

Counsel for the plaintiff say that Section 6190 of Kirby's Digest gives the opening and conclusion of the

argument to the party upon whom the burden of proof rests under the pleadings. Hence they claim that the opening and conclusion is a matter to be determined by the pleadings in the case and in support of their contention cite *Excelsior Mfg. Co.* v. *Owens,* 58 Ark. 556, and *Beal & Doyle Dry Goods Co.* v. *Barton,* 80 Ark. 326.

In answer to that argument it may be stated that at the beginning of the trial and before any evidence was offered to be introduced by the plaintiff the defendant admitted the execution of the policy and that Howle died while a member in good standing in the company. Its sole defense was that there had been a forfeiture of the policy because he had violated the terms thereof. Under these circumstances the court should have treated the pleadings as amended to conform to the admission made by the defendant and erred in not giving the defendant the right to open and close the case before the jury.

(2)   It is next insisted that the court erred in giving certain instructions to the jury at the instance of the plaintiff. The instructions are as follows:

"No. 6.. You are further instructed that under the law and the evidence in this case, that unless you find that Marvin Sowell, in self-defense fired the fatal shot, hit and killed, or caused the death of John W. Howle, your verdict will be for the plaintiff.

"No. 7.   You are instructed that even though you may find from the evidence that the deceased John W. Howle provoked the difficulty with Marvin Sowell and that Marvin Sowell, in self-defense, shot at John W. Howle, unless you further find from the evidence that the shots fired by Marvin Sowell killed, or caused the death of said John W. Howle, you will find for the plaintiff.

"No. 8.   You are further instructed that if one J. W. Treadway, a bystander, shot the deceased John W. Howle, and that the shots from the gun of the said J. W. Treadway, killed the said John W. Howle, and not the

shot, or shots, fired by the city marshal, then your verdict will be for the plaintiff.''

The instructions complained of were erroneous and prejudicial to the rights of the defendant. The only theory upon which it could be held that the instructions complained of were not prejudicial would be to say that if Treadway killed Howle, the undisputed evidence shows that he killed him after Howle had retired from the conflict and that on this account although Howle might have been the aggressor in the beginning, his death was not the proximate result of his original unlawful act and hence was not within the clause in the policy limiting the liability of the insurer in case the insured meets his death in consequence of a violation of the criminal law. See *State Life Ins. Co.* v. *Ford,* 101 Ark. 513, and *Supreme Lodge of K. of P.* v. *Bradley,* 73 Ark. 274.

It can not be said that if the evidence shows that Treadway killed Howle, that the undisputed evidence shows that he killed him after Howle had retired from the combat.

According to the witnesses for the defendant company, Sowell and Treadway were standing close together at the time that Howle approached them and began shooting at Sowell. Both Sowell and Treadway as well as the other witnesses for the defendant say that Treadway did not shoot at Howle at all. It was shown that only two bullets entered the body of Howle. One of the witnesses for the plaintiff testified that the shot that caused Howle to fall was a shot fired by Treadway. He also said that Treadway fired another shot into Howle's body after he fell. He said that he did not know who fired first; that Howle was shooting at Sowell and emptied his pistol at him; that he had his pistol in his hand at the time Treadway shot him and that he does not know whether he was snapping it at the time or not; that Howle and Sowell were shooting high and that some of Howle's shots went through the awning.

According to the testimony of Treadway, Howle fired two shots after he was down upon the sidewalk and these two bullets went through the sign of the store in front of which they were.

Another witness testified that Howle continued to shoot after he had fallen on the sidewalk. Under these circumstances it can not be said that even if Treadway shot Howle that he did so after the undisputed evidence showed that Howle had retired from the combat or was so disabled that Treadway knew that he could not continue the combat.

The jury were the judges of the credibility of the witnesses and had a right to believe such parts of the testimony as they believed to be true and to reject that part which they believed to be false. In the exercise of this right the jury might have found that Treadway did shoot and kill Howle but that he did so in order to prevent Howle from killing Sowell.

It follows that the giving of the instructions complained of was prejudicial to the rights of the defendant. For the errors indicated, the judgment must be reversed and the cause remanded for a new trial.