National Life & Accident Insurance Company *v.*
Alexander.

4-4427

Opinion delivered November 16, 1936.

*Herman Horton* and *Roy Penix,* for appellant.
*Holland & Barham,* for appellee.

Humphreys, J.  Appellee instituted this suit against appellant in the municipal court of Blytheville to recover $200, penalty, attorney's fee, interest and costs on a life insurance policy issued to Catherine Alexander on May 28, 1934, in which appellee was named as beneficiary.  It was alleged in the complaint that Catherine Alexander died on August 4, 1935, during the life of the policy, and that, although appellee duly notified appellant of her death, it refused to pay him the face of the policy.

Appellant filed no answer, as pleadings are not required in that court, but appeared and defended on the ground that the policy was void on account of misrepresentations amounting to warranties made by the insured, and tendered the premiums she had paid to it, which were refused.

On the trial, appellee recovered $200, 12 per cent. statutory penalty, $25 attorney's fee, and costs, from which judgment an appeal was prayed and granted to

the circuit court of Mississippi county, Chickasawba district.

In the circuit court, appellee introduced the policy in evidence and testified that when insured died, he made proof of her death as required under the terms of the policy. Proof was then made pro and con as to whether false statements in her application for the policy were made as to the condition of her health, and whether the insured was in unsound health, on the date of her policy, from a disease of the liver. Both parties then stated that they had concluded the evidence; whereupon, appellant requested the court to instruct a verdict in its favor. The appellee then requested the court to allow him to introduce additional evidence responsive to the issue as to the condition of appellee's health at the time the policy was delivered to her, which request was granted, over the objection and exception of appellant. At the conclusion of the additional evidence, the court offered to allow appellant to introduce any additional evidence it desired on that issue. Appellant stated that it had no further evidence to offer and renewed its request for an instructed verdict, which was refused, over the objection and exception of appellant.

Appellant then requested that it be permitted to open and conclude the argument, which request was denied over its objection and exception.

The cause was then sent to the jury, resulting in a verdict against appellant and a consequent judgment in favor of appellee for $200 with interest at 6 per cent., a penalty of $24, an attorney's fee of $50, and costs, from which is this appeal.

Appellant first contends for a reversal of the judgment because the court allowed appellee to introduce additional evidence after both parties had rested and it had asked for an instructed verdict. As we understand the record, there is nothing in it to indicate on what theory appellee intended to recover. He introduced the policy, showed that the insured died during the life thereof and that he made proof of her death to appellant in the manner required and rested. Appellant then introduced proof tending to show that the insured made false rep-

resentations to it when she applied for the policy to the effect that she was in good health, whereas, she was in bad health, and rested. Appellee then asked to introduce proof showing that she was in good health when she applied for and received the policy. Appellant objected on the ground that the theory of appellee was that the statements made by her were representations and not warranties. The court allowed appellee to introduce proof tending to show the insured was in good health at the time she applied for and received the policy, over appellant's objection and exception. This proof was in rebuttal to the proof made by appellant and was not the injection of a new or different issue not within the pleadings. In fact, there were no pleadings containing well-defined issues. Appellant filed no answer. Under these circumstances, it was not error on the part of the trial court to admit the proof in rebuttal even after both parties rested, to the end that justice might prevail. The admission of the evidence was not an abuse of the court's discretion.

Appellant also contends for a reversal of the judgment because its request to open and close the argument was refused by the trial court. The contention is based upon the alleged fact that appellant admitted the execution of the policy, the death of the insured, and the proof thereof, but this is not the case. Appellee was compelled to introduce the policy, prove the death of the insured, and show that he made the proof of death required. Appellant did finally admit the death of the insured, but it was after the trial had begun. If it had made the admission claimed at the beginning of the trial and assumed the burden of showing misrepresentations of the insured's health at the time she applied for and received the policy, then it would have been entitled to open and close the argument under the rule laid down in the case of *Columbian Woodmen* v. *Howle,* 131 Ark. 299, 198 S. W. 286, cited by it. The facts in the instant case do not bring it within the rule announced in the case cited and relied upon.

Lastly, appellant contends for a reversal on the ground that the undisputed evidence reflects that the in-

sured was not in sound health when the application was made for insurance and when the policy was delivered to her, and that under the terms of the policy its liability was limited to a return of the premiums she had paid, which amounted to about $10 and which amount was tendered. It is true the policy provides that if the insured is in unsound health on the delivery of its policy, its liability is limited to a return of the premiums. The proof, however, is in sharp conflict as to whether she was in sound health at the time the policy was delivered to her. This issue of fact was submitted to the jury under correct instructions. The jury found that she was in sound health at the time, and appellant is bound by the verdict.

No error appearing, the judgment is affirmed.