Milwaukee Mechanics Insurance Company v. Brown.

4-6372 150 S. W. 2d 945

Opinion delivered May 19, 1941.

*Kenneth Coffelt* and *Verne McMillen,* for appellant.

*Ernest Briner* and *Fred A. Isgrig,* for appellee.

Griffin Smith, C. J. Appellee was insured if his International truck should be burned, the amount recoverable under the policy not to exceed actual value "at the time of loss or what it would then cost to repair or replace the insured property, or any part thereof with other of. like kind or quality. . . ."

The truck collided with a bus and was set on fire. There was no collision insurance.

Judgment for $750 is questioned on the ground that evidence does not support the verdict, that the court abused its discretion in permitting a witness to be recalled by the plaintiff, that plaintiff's fifth instruction as amended is erroneous, and that penalty and attorney's fee should not be allowed.

Appellee testified the truck cost $1,550. It had been "overhauled," and was in good condition.[1]

J. E. Richardson, operator of a garage since 1924, had bought and sold many trucks. Three or four months before the fire he installed a new motor in appellee's truck. After the collision and fire witness made an inspection and estimated separately the damage caused by collision, and that occasioned by fire. Thereafter he procured prices from the manufacturer and from the Davis Wrecking Yard,[2] and concluded all parts damaged by collision could be replaced for $210. Difference between collision damage and fire damage "was in the neighborhood of $790 or $800—that is my opinion as to dollars and cents."[3] When asked the direct question, "What was the fire damage to this truck," Richardson replied, "About $790." There was an objection with exceptions to the court's ruling, but grounds of objection were not stated.[4]

At the conclusion of all the testimony appellant offered to confess judgment for $90.[5] Richardson was then recalled by appellee, over objections and exceptions by appellant. He again testified that the fair market value of the truck before collision was $1,000, that collision damage was $210, and that fire damage was $790, less a salvage value of $25 or $30.

A witness for appellant who estimated the fire damage testified replacement parts would cost $104.13 and labor $17.25, or a total of $121.38.

---

[1] Plaintiff testified he could have sold the truck for $850 "before it was put in good shape." The truck bed was made for use in hauling cattle and cost $85. Twelve head of cattle burned. Appellee was offered $50 "by the Diamond-T. man" as salvage value of the truck.

[2] The estimate on collision damage contemplated new parts, other than frame. Quotation on the frame was from the wrecking yard.

[3] In apparent conflict with his testimony as to fire damage is the statement by Richardson: "The fire damage to the truck—the cab, the body was completely burned—almost burned up. All of the body was practically burned off. You couldn't tell anything that could be a collision—it was burned up, all but a little part of it. You couldn't tell what the collision damage was. . . ."

[4] Presumably the objection was to the indefinite nature of the answer—"about."

[5] The statement was: "The defendant hereby offers to confess judgment for $90 . . . for the reason the limit of liability of the defendant is the actual cash value of the truck after the collision and immediately prior to the fire, and $90 is the highest estimate of the value shown by the undisputed evidence."

When counsel for appellee asked that the witness Richardson be recalled, and there was objection, the court (when told that appellant's witnesses had been excused for the day) indicated the case would be continued, or that time would be given to recall any witness whose testimony might be essential.[6] In view of the attitude of the court, as reflected by the sixth footnote, there was no abuse of discretion. Effect of the testimony given by Richardson on recall was not at substantial variance from that formerly given.

It is impossible to determine here whether witness who testified for appellant, or those who were called at the instance of appellee, were candid; or, if all were frank, which group possessed superior mechanical knowledge. If appellee and Richardson are to be believed, the fire damage was $790, less salvage value. On the other hand, if appellant's witness Sweatman was correct, fire damage was $121.38. Questions of fact are for the jury, when submitted under proper instructions. On appeal we do not reverse judgments if they are supported by substantial testimony, although it is the trial court's duty to set verdicts aside if not sustained by a preponderance of the evidence. We cannot say there was not substantial testimony in the instant case.

Complaint is that plaintiff's Instruction No. 5[7] is in conflict with defendant's Instruction No. 2,[8] that it is

[6] The record reflects the following: Mr. Isgrig: "We are not raising a new issue. The witnesses have testified [as to the measure of damages] already." The Court: "The Court will hold if you have to have [the witnesses] if the record does not show the testimony in there—what you have shown by your witnesses the Court will suspend —." Mr. Coffelt: "At the present time the Court overrules the motion?" The Court: "Yes." Mr. Coffelt: "Save our exceptions."

[7] "You are instructed that if you find for the plaintiff you will assess his damages at such a sum as may have been shown by a preponderance of the evidence to be the amount of the damages sustained to the plaintiff's truck by fire. In arriving at the damages you will take into consideration the evidence, if any, showing the fair market value of the truck before the collision, its fair market value after the collision and before the fire, and the fair market value after the fire, taking all these things together, and with all the evidence in the case."

[8] "You are instructed that the defendant is not liable for the damage caused by the collision, but is liable only for the damage caused by the fire. The policy provides that the limit of liability is the actual cash value at the time the loss occurs, or the reasonable cost of repairs not to exceed the actual cash value. Therefore, the plaintiff is

confusing and misleading, and does not instruct the jury what the measure of damage is. We agree with appellant that it was not necessary to have the jury "take into consideration the evidence, if any, showing the fair market value of the truck before the collision." Actual damage by fire was the test. But Richardson's testimony that before collision the truck was worth $1,000, and that collision damage was $210, is equivalent to saying that fire damage was $790, less salvage value. Instruction No. 5 is not what is termed a "binding" instruction, and is to be read in connection with others. We do not think the jury was misled because of variance between Instructions Nos. 2 and 5 in phraseology.

Finally, it is insisted that the statutory penalty of 12 per cent., and an attorney's fee, should not be allowed because the plaintiff's recovery was $750, and he had testified to an offer of $50 for the salvage. If $50 should be deducted from $790, the result would require this court to direct a remittitur of $10 from the judgment of $750; therefore, it is argued, the amount recovered would be $10 less than the sum sued for.

The verdict was not specifically objected to on the ground urged, nor is the error expressly brought forward in the motion for a new trial. The court's majority is of the opinion that item No. 2 in the motion—"the verdict is contrary to the evidence"—did not sufficiently bring the question to the trial court's attention. The judgment is therefore affirmed.

---

entitled to recover only the actual cash value of the truck after the collision occurred, and prior to the time of the fire, or the cost of reasonable repairs made necessary by the fire less the value of the truck after the fire as shown by the evidence. You will determine and fix the damage suffered by plaintiff due to fire, if any."