MOTSINGER v. WALKER.

4-6952                                  168 S. W. 2d 385

Opinion delivered February 8, 1943.

*O. T. Ward, E. G. Ward* and *James O. Ward*, for appellant.

*R. W. Karraker, T. A. French* and *A. U. Tadlock*, for appellee.

McHANEY, J. This is a suit on a foreign judgment rendered against appellant and in favor of appellee on a promissory note for $900, dated Jonesboro, Illinois, June 15, 1931, and payable to appellee at Jonesboro, Illinois, two years after date, with interest at 6 per cent. per annum from date until paid. A payment of $20 was indorsed on the note, as of March 13, 1939. The note contained this provision: "And to secure the payment of said amount I hereby authorize, irrevocably, any attorney of any court of record to appear for me in such court, in term-time or vacation, at any time hereafter, and confess a judgment without process in favor of the holder of this note, for such amount as may appear to be unpaid thereon, together with costs and a reasonable dollars attorney's fees, and to waive and release all errors which may intervene in any such proceedings, and consent to immediate execution upon such judgment, hereby ratifying and confirming all that my said attorney may do by virtue hereof."

Suit was brought thereon by appellee against appellant who lived in Rector, Arkansas, and an entry of appearance and consent for judgment, called a cognovit, was filed in the action by Ford L. Randleman, an attorney-at-law, pursuant to the provision of said note copied above. Included in the cognovit was this clause: "And the said defendant further agrees that no writ of error or appeal shall be prosecuted on the judgment entered by virtue hereof, nor any bill in equity exhibited to interfere, in any manner, with the operation of the

judgment. . . ." Based on said note and cognovit, the circuit court of Union county, Illinois, entered judgment for appellee for the amount of said note and interest in the sum of $1,366.95, plus an attorney's fee of $136.69, or a total of $1,483.64, on February 9, 1940. ·

Appellant denied the execution of the note sued on in Illinois, and alleged she did sign a different note for the same amount as surety for her brother, Frank Morgan, who also signed same, and that she made a settlement agreement with appellee and made a partial payment thereof, tendering the balance under said agreement as made before suit in Illinois. Trial resulted in a verdict and judgment for appellee, hence this appeal.

Appellant . defended the action principally on the ground that the note upon which the foreign judgment was rendered was a forgery, and for that reason said judgment was void for want of jurisdiction of the Illinois court to render it. This was purely a question of fact, was submitted to the jury under correct instructions and the jury's verdict, finding against her on this issue, is conclusive here. The note in question must be held to be valid and the foreign judgment based thereon was a valid exercise of its jurisdiction. This is a collateral attack on a judgment of a sister state and such a judgment is conclusive here, on collateral attack, except for fraud or want of jurisdiction. *Lewis* v. *United Order of Good Samaritans*, 182 Ark. 914, 33 S. W. 2d 53; *Cronin* v. *Union Aid Life Ins. Co.*, 184 Ark. 493, 42 S. W. 2d 758. No fraud was alleged or proved by appellant.

Appellant alleges error in the refusal of the court to permit her counsel to open and close the argument to the jury. We think no error was committed in this regard. The statute, § 5122, Pope's Digest, provides that, "The burden of proof in the whole action lies on the party who would be defeated, if no evidence were given on either side." Here appellee had the burden of proving the genuineness of the note, and would have been defeated had no evidence been offered on either side, as appellant had in a pleading denied the execution of the note under oath. As said in *Kilpatrick* v. *Rowan*,

119 Ark. 175, 177 S. W. 893, "The answer herein denied the execution of the note sued on, and if no evidence had been introduced, judgment must necessarily have been rendered for the defendant, and this notwithstanding there was no plea of *non est factum*. The genuineness of the instrument could have been contested under the denials of the answer."

The plea that the note was a forgery was an affirmative plea on that issue and the burden was on her to prove it, but the burden on the whole was on appellee. *Copeland* v. *Nat. Union Fire Ins. Co.*, 177 Ark. 1178, 9 S. W. 2d 561.

Appellant argues for the first time the invalidity of the cognovit. It was not mentioned in the pleadings, was not presented to the trial court, nor included in the motion for a new trial. It may not now be urged here. *Milwaukee Mechanics Ins. Co.* v. *Brown*, 202 Ark. 537, 150 S. W. 2d 945.

Appellant also argues that a judgment on warrant of attorney is not recognized in many states, and that we should so hold in this case. It appears to us that the inquiry should be, not whether the courts of this state would enter and enforce such a judgment on warrant of attorney as set out in the note, but whether such a judgment is valid in Illinois, and if so, it must be given full faith and credit. In 15 R. C. L. 660 it is said: "A judgment entered on a warrant of attorney is as impervious to collateral attack as is a judgment obtained in open court, provided the court entering the judgment by confession had jurisdiction." *Gardner* v. *Bunn*, 132 Ill. 403, 23 N. E. 1072, 7 L. R. A. 729, is cited to sustain the text. The cognovit and warrant of attorney here involved, in identical form, were sustained in *Boyles* v. *Chytraus*, 175 Ill. 370, 51 N. E. 563. Therefore, the judgment sued on, being valid and enforceable in the state of Illinois, is likewise valid and enforceable here, under the full faith and credit clause of the Federal Constitution. As said by U. S. Supreme Court, in *Roche* v. *McDonald*, 275 U. S. 449, 72 L. Ed. 365, 48 S. Ct. 142, 53 A. L. R. 1141, "It is

240

settled by repeated decisions of this court that the full faith and credit clause of the Constitution requires that the judgment of a state court which had jurisdiction of the parties and the subject-matter in suit shall be given in the courts of every other state the same credit, validity and effect which it has in the state where it was rendered, and be equally conclusive upon the merits . . .

"This rule is applicable where a judgment in one state is based upon a cause of action which arose in the state in which it is sought to be enforced, as well as in other cases; and the judgment, if valid where rendered, must be enforced in such other state, although repugnant to its own statutes."

We find no error, and the judgment is accordingly affirmed.