## Dr. R. E. BELL *v.* STAREN & COMPANY

75-309                                    534 S.W. 2d 238

Opinion delivered March 22, 1976

*Highsmith, Tatum, Highsmith, Gregg & Hart,* by: *Samuel C. Highsmith,* for appellant.

*Bennett & Purtle,* by: *John Purtle,* for appellee.

GEORGE ROSE SMITH, Justice. Under an Illinois statute a person who incurs an indebtedness may, in advance, authorize the creditor, upon default, to appoint an attorney to confess judgment on behalf of the debtor in any Illinois court having jurisdiction under the statute. Ill. Ann. Stats., S.H.A., ch. 110, § 50 (3) (1968); see also *Motsinger* v. *Walker,* 205 Ark. 236, 168 S.W. 2d 385 (1943). The appellee, Staren & Company, a Chicago broker dealing in commodity futures,

obtained such a judgment by confession, in Cook County, Illinois, against the appellant, Dr. Bell, a resident of Batesville, Independence County, Arkansas. Staren then brought this action in Independence County to register the Illinois judgment. The circuit court granted Staren's motion for summary judgment. For reversal Dr. Bell contends that the Illinois judgment is void, because Staren did not strictly comply with the mandatory provisions of the Illinois statute. We agree that the circuit court was in error in granting Staren's motion for summary judgment.

The Illinois procedure, although constitutionally valid, may be rigorous and even oppressive, because the debtor confesses judgment in advance, without reserving any right to present his defenses. For that reason the statute itself, *supra,* and the Illinois cases recognize that the power to confess judgment "must be clearly given and strictly pursued, and a departure from the authority conferred will render the confessed judgment void." *Grundy County Nat. Bank* v. *Westfall,* 49 Ill. 2d 498, 275 N.E. 2d 374 (1971). Thus the ultimate question in the case at bar is not whether the Illinois judgment is voidable but whether it is void, even in Illinois.

As far as this record shows, Dr. Bell signed only one instrument, a two-page finely-printed "Customer's Agreement." That document does not in itself impose upon Dr. Bell any pecuniary liability to Staren. It merely sets forth in detail the rules that will govern subsequent transactions in which Dr. Bell purchases securities or commodities through Staren, as broker. It is recognized that such securities or commodities, after having been purchased on margin by Dr. Bell, may decline on the market, requiring Dr. Bell to advance more money to Staren. If Dr. Bell fails within 24 hours after notification to make such an advance or to question the amount demanded, the account is deemed to be correct, and Dr. Bell authorizes Staren to appoint an attorney to confess judgment.

That is seemingly what happened, although no documents whatever, evidencing any purchases by Dr. Bell or any statement of his account or any demand for payment, are shown to have been filed in the Illinois proceedings. All that Staren filed in the Illinois court was a copy of the Customer's

Agreement, a bald assertion that $8,705, plus an attorney's fee, was due, and a confession of liability signed by Woodrow W. Hodge as attorney for Dr. Bell. Upon those documents the Illinois court entered the judgment now sued upon.

We find apparently fatal defects in the Illinois proceeding. In the *Westfall* case, *supra,* the Illinois Supreme Court declared: "The extent of the liability undertaken must be ascertainable from the face of the instrument in which the warrant [to confess judgment] is granted. As was said in *Weber* v. *Powers*, 213 Ill. 370 at 383, 72 N.E. 1070 at 1074: 'A judgment by confession must be for a fixed and definite sum, and not in confession of a fact that can only be established by testimony outside of the written documents, required by the statute tò be filed in order to enter up a judgment by confession.' " Here Staren introduced in the Illinois case no writing signed by Dr. Bell specifying the asserted debt of $8,705. Counsel for the appellee cite no case to support their argument that the affidavit signed by some unidentified person in behalf of the Illinois plaintiff constituted one of the "written documents" required by statute to be filed.

In the second place, under the Illinois statute, *supra,* jurisdiction over the defendant can be asserted upon only three grounds: One, that the obligation was executed in the county where the suit is brought; two, that the defendant resides in that county; or three, that he owns property in that county. Here the first ground alone is relied upon. It is undisputed, however, that the Customer's Agreement was signed by Dr. Bell in Arkansas. That agreement did not specify for its validity that it be approved in Illinois, as was true in the case relied upon by the appellee, *Nationwide Commercial Co.* v. *Knox*, 10 Ill. App. 3d 13, 293 N.E. 2d 638 (1973). Furthermore, Dr. Bell's asserted liability must really depend upon his subsequent orders for the purchase of securities or commodities, but there is no contradiction of his affidavit that all documents which he executed in doing business with Staren were executed in Independence County. Thus Staren failed in the Illinois proceeding to make the jurisdictional showing that the action was brought upon an obligation executed by Dr. Bell in Cook County. The judgment was therefore void in Illinois and not entitled to full faith and credit here. Leflar, American Conflicts Law, § 81 (rev. ed., 1968).

510

Finally, the Customer's Agreement empowered Staren to appoint an attorney to confess judgment for Dr. Bell. The confession of judgment was signed by attorney Woodrow W. Hodge, but we can find nothing to show that he was appointed by the creditor for that purpose. Hence the appellant may be right in his insistence that the Illinois judgment is void because it was based upon "a warrant of attorney and a cognovit not made a part of the record."

The case was decided below upon motion for summary judgment. Since that motion should not have been granted, the cause must be remanded for further proceedings.

Reversed and remanded.